```
GLENN M. CLARK # 91371
MILLER, CLARK, CALVERT & OBENOUR
2222 Martin Luther King Jr. Way
Berkeley, California 94704
(510) 848-7200 FAX (510) 848-3500
email mccoattys@hotmail.com

Attorney for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORVETTE DENISE ARDISON | Civil No. C-15-cv-03401 EDL |
| Plaintiff, | STIPULATION AND ORDER FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. 2412(d) |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412 (d), in the amount of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00), and costs under 28 U.S.C 1920 in the amount of FOUR HUNDRED DOLLARS ($400.00). These amounts represents costs and compensation for all legal services rendered on behalf of Plaintiff by Counsel in connection with this civil action, in accordance with 28 U.S.C 2412(d) and 1920.

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of assignment of EAJA

ORDER RE EAJA FEES C-15-03401 EDL - 1 -

fees to Plaintiff's Counsel.  The retainer agreement containing the assignment is attached as exhibit 1.  Pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's Counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's Counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, expenses, and costs, and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff or Plaintiff's Counsel may have relating to EAJA attorney fees and expenses and costs in connection with this action.

Plaintiff's Counsel does not intend to seek Social Security Act attorney fees under 42 U.S.C 406 for services performed in United States District Court.

Respectfully submitted,

Dated: August 18, 2016        /s/ Glenn M. Clark
                              GLENN M. CLARK
                              Attorney for Plaintiff

ORDER RE EAJA FEES C-15-03401 EDL - 2 -

```
Dated: August 18, 2016        BRIAN J. STRETCH
                              United States Attorney
                              DEBORAH LEE STACHEL
                              Acting Regional Chief Counsel, Region IX
                              Social Security Administration


                              By    /s/ Annabelle J. Yang
                                    ANNABELLE J. YANG
                                    Special Assistant U.S. Attorney
                                    (by email authorization)
                                    Attorneys for Defendant
```

APPROVED AND SO ORDERED:

Dated: August 19, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

## SOCIAL SECURITY CONTINGENCY FEE CONTRACT

By my signature below, I, _Correlle Ardison_ hereby employ Glenn M. Clark to represent me in my claim before the Social Security Administration for benefits arising on or about ___June 2011___ as a result of disability. Said attorney agrees to provide a qualified attorney to devote his/her full professional ability to this matter for a fee which will depend on the outcome of the claim. If nothing is recovered, said attorney will receive no compensation for services rendered.

We agree that if SSA favorably decides the claim[s], I will pay my representative a fee equal to the lesser of 25 percent of the past-due benefits resulting from my claim[s] or $6,000.

My representative and I understand that for a fee to be payable, the Social Security Administration (SSA) must approve any fee my representative charges or collects from me for services my representative provides in proceedings before SSA in connection with my claim[s] for benefits.

**[For Title II benefits]** We understand that Social Security past due benefits are the total amount of money to which I **[and any auxiliary beneficiary(ies)]** become entitled through the month before the month SSA effectuates a favorable administrative determination or decision on my claim.

**[For Title XVI benefits]** We understand that Supplemental Security Income past-due benefits are the total amount of money for which I become eligible through the month SSA effectuates a favorable administrative determination or decision on my claim.

**[For concurrent Titles II and XVI benefits]** We understand that Social Security past-due benefits are the total amount of money for which I become eligible through the month SSA effectuates a favorable administrative determination or decision on my Social Security claim and that Supplemental Security Income (SSI) past-due benefits are the total amount of money for which I become eligible through the month SSA effectuates a favorable decision on my SSI claim. We further understand that the fee for both claims may not exceed the lesser of $6,000, or 25 percent of the combined past-due benefits.

Said attorney may, at his or her discretion, order medical and other records and employ physicians and other experts. The expense of these items is called "costs". Costs expended in bringing the case to hearing, rehearing, or judgment are normally to be paid by the Client. However, from time to time, attorney may pay part or all of the costs. Costs paid by attorney are to be added to the

fee set forth above and paid to attorney, if Social Security favorably decides the claim(s). In the event the claim is not favorably decided, attorney shall receive nothing for costs paid. Since costs paid by attorney are added to the percentage fee if Social Security favorably decides the claim(s), costs do not affect the attorney fee but do reduce the Client's recovery.

Associate counsel may be employed at the discretion of and expense of said attorney. Client consents to said attorney gathering medical and other information regarding Client and disclosing such information to Social Security and to experts, investigators, or associate counsel employed by said attorney. Said attorney may withdraw at any time upon giving reasonable notice.

The percentage fee provided for in this agreement does not include representation before United States courts. In the event Client's claim is denied by the Social Security Administration and Attorney files suit on Client's behalf in United States District Court, Attorney will charge an additional fee for representation in federal court. In the event a court awards fees under the Equal Access to Justice Act, Attorney and Client agree that such award shall constitute the fee for representation in federal court and shall be assigned and paid directly to Attorney.

I understand and agree that the attorney may dispose of my file and all papers 3 years after the attorney closes my case.

We have both received signed copies of this agreement.

Retainer: _____  Date paid: _____

Dated: 4/22/14   Client: Corrette Ardison

Attorney: Glenn M. Clark

{c:\wp51\forms\feess.gmc}
(rev 02/09)